**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BOBBY LYNN FRISINGER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-12-CA-987-SS** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's memorandum in support (Document 2); Respondent's Motion to Dismiss (Document 14); and Petitioner's reply thereto (Document 15). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part.

# I. STATEMENT OF THE CASE

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas. On December 17, 2009, Petitioner pleaded guilty to robbery by threat and was sentenced to nine years' imprisonment pursuant to a plea bargain agreement. Petitioner did not appeal his conviction. He did, however, challenge his conviction in a state application for habeas corpus relief. Petitioner filed his state application on June 22, 2012. Ex parte Frisinger, Appl. No. 59,974-03 at 14. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on September 26, 2012. Id. at cover.

Petitioner raises the following grounds for relief:

1.      His guilty plea was unknowing;

2.      His conviction violates double jeopardy; and

3.      His sentence is illegal.

Respondent moves to dismiss Petitioner's application as time-barred. He contends Petitioner's conviction became final on January 19, 2010, when the time for a direct appeal expired. Petitioner, on the other hand, argues his conviction became final after the trial court rendered its nunc pro tunc judgment on March 27, 2012.[1]

---

[1] The original judgment incorrectly reflected certain enhancements had been found true. As part of the plea agreement, the enhancements were waived. Accordingly, a nunc pro tunc judgment was rendered on March 27, 2012, reflecting no enhancements had been found true. The nunc pro tunc judgment also changed the offense from "robbery enhanced" to "robbery." Respondent did not address the effect the nunc pro tunc judgment had on the finality of Petitioner's conviction.

## II.  DISCUSSION AND ANALYSIS

**A.**     **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.**     **Guilty Plea and Illegal Sentence Claims**

Petitioner's conviction became final, at the latest, on January 19, 2010, at the conclusion of time during which he could have appealed his conviction.  See TEX. R. APP. P. 26.2(a).  A subsequent nunc pro tunc judgment does not extend the time for filing a direct appeal in Texas. Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993) (holding that the time to file a notice of appeal runs from the date sentence is imposed, not the date that the judgment is signed).  In Texas,

trial courts use a judgment nunc pro tunc to correct clerical errors made in a judgment. State v. Bates, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). A judgment nunc pro tunc, which literally means "now for then," can be entered at any time and does not alter the date of the original judgment. It is well established that "[t]he force and effect of a judgment nunc pro tunc relates back to the date the original judgment was pronounced." Martinez v. State, 194 S.W.3d 699, 703 n. 6 (Tex. App.-Houston [14th Dist.] 2006, no pet.) (citing Jones v. State, 795 S.W.2d 199, 200 n. 1 (Tex. Crim. App.1990)). Because the judgment nunc pro tunc entered in Petitioner's case on March 27, 2012, made  no substantive change to the conviction or sentence, the date of the original judgment controls.  Therefore, Petitioner had until January 19, 2011, to timely file his federal application with regard to his claims that his guilty plea was unknowing and his sentence was illegal, because the factual predicate of these claims could have been discovered through the exercise of due diligence at the time Petitioner was sentenced.

Petitioner did not execute his federal application for habeas corpus relief until October 9, 2012, after the limitations period had expired. Petitioner's state application does not operate to toll the limitations period, because it was filed on June 22, 2012, after the limitations period had already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).  The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief regarding these two claims prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of these claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

C.      **Double Jeopardy**

Respondent moves to dismiss all of Petitioner's claims as time-barred.  However, Petitioner's claim that his "new sentence from the <u>nunc</u> <u>pro</u> <u>tunc</u> puts [him] in double jeopardy from the first sentence" had not yet arisen when Petitioner's conviction became final.  The date on which the factual predicate of this claim could have been discovered through the exercise of due diligence would have been on March 27, 2012, when the judgment <u>nunc</u> <u>pro</u> <u>tunc</u> was filed.  Petitioner's state application, filed on June 22, 2012, tolled the limitations period until September 26, 2012, when the Texas Court of Criminal Appeals denied Petitioner's application.  At the time the Texas Court of Criminal Appeals denied Petitioner's state application, 278 days remained of the one-year limitations period.  As such, Petitioner's deadline for filing a timely federal habeas corpus application is July 1, 2013.  Accordingly, Petitioner's federal application is not time-barred with respect to his double-jeopardy claim.  Therefore, Respondent's Motion to Dismiss should be granted in part and denied in part.  Petitioner's claims are time-barred with the exception of his double-jeopardy claim.[2]

Although Petitioner's double-jeopardy claim is not time-barred it is based on a misunderstanding of <u>nunc</u> <u>pro</u> <u>tunc</u> judgments and double jeopardy.  The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V.  This clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. <u>United States v. Dixon</u>, 509 U.S. 688, 695-96, 113 S. Ct. 2849 (1993).  In the multiple-punishment context, the Double Jeopardy Clause protects only

---

[2] Although Petitioner did not present his double-jeopardy claim to the state court in his state application for habeas corpus relief, Respondent did not object on this basis. Accordingly, the Court will consider the claim.

against the imposition of multiple criminal punishments for the same offense.  Hudson v. United States, 522 U.S. 93, 99, 118 S. Ct. 488 (1997).

Petitioner has not been convicted of robbery enhanced as stated in the original judgment and robbery as stated in the nunc pro tunc judgment. The nunc pro tunc judgment replaced the original judgment so that Petitioner has only been convicted of robbery.  He has not received a second prosecution for the same offense or multiple punishments for the same offense.

The only objection Petitioner appears to have with the nunc pro tunc judgment is that the offense is stated as "robbery" and not "robbery by threat" and that Petitioner meant to ask for a lesser sentence after the enhancement was waived.  In Texas, the robbery statute provides two separate underlying robbery offenses– robbery causing bodily injury and robbery by threat.  See Tex. Penal Code Ann. § 29.02(a)(1)-(2). Both are second degree felonies.  See Id. at §29.02(b). Petitioner was indicted for robbery by threat.  Ex parte Frisinger, Appl. No. 59,974-03 at 4.  Petitioner pleaded guilty to robbery by threat.  Id. at 6.  The trial court accepted Petitioner's guilty plea and sentenced Petitioner to nine years in prison pursuant to his plea agreement.  Id. at 6-13, 31.  Petitioner fails to explain how the reference to "robbery" instead of "robbery by threat" in his nunc pro tunc judgment is a double-jeopardy violation or how this claim merits federal habeas corpus relief.

### III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted in part and denied in part and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred in part and denied in part.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of January, 2013.


_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE